**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**SHAWN O'HARA** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:05cv103KS-MTP**

**PETAL POLICE DEPARTMENT; C/O DAVID BENOIT; DAVID BENOIT; JONATHAN NOBLES; BRIAN PACE; And DANA ANDERSON** **DEFENDANTS**

**CONSOLIDATED WITH**

**SHAWN O'HARA** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:05cv104KS-MTP**

**PETAL POLICE DEPARTMENT; C/O DAVID BENOIT; DAVID BENOIT; JONATHAN NOBLES; BRIAN PACE; And DANA ANDERSON** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motions for Summary Judgment **[#102]** and **[#104]** filed on behalf of the defendants in Civil Action No. 2:05cv103 and identical motions **[#90]** and **[#92]** filed on behalf of the same defendants in Civil Action No. 2:05cv104.[1] The court, having reviewed the motions, the responses, the briefs of counsel, the authorities cited and the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motions are well taken and should

---

[1] The plaintiff filed two separate complaints arising out of the same incident. Civil Action No. 2:05cv103 is his claim of false arrest and Civil Action No. 2:05cv104 is his claim for false imprisonment.

be granted. The court specifically finds as follows:

Pursuant to court Order, the plaintiff filed an Amended Complaint on May 27, 2006, asserting claims against the defendants, pursuant to 42 U.S.C. Section 1983, for false arrest/false imprisonment, for violation of several constitutional rights, and for violation of his rights under the 1965 Voting Rights Act and the 1968 Fair Housing Act. The plaintiff has sued each of the officers "Acting As A Petal Police Officer" and "Acting As An Individual."

The claims are based on an incident that occurred on July 4, 2004, at the Soap-N-Suds laundry in Petal, Mississippi. On that day, the Petal Police received a complaint that the plaintiff was trespassing. Defendant Anderson, the Petal Police Dispatcher, dispatched Officers Beniot, Nobles, and Pace to the scene. The officers detained the plaintiff at the Petal Police station for approximately two hours. The plaintiff was released after the premises owner decided not to press formal charges. In their Answer to the Amended Complaint, the defendants, employees of the City of Petal, Mississippi, a municipality, affirmatively asserted the defense of qualified immunity and have moved for summary judgment on that basis in Docket entry # 102 in 2:05cv103 and in Docket entry # 90 in 2:05cv104. Docket entry # 104 in 2:05cv103 and Docket entry # 92 in 2:05cv104 are Motions for Summary Judgment on any state law claims possibly raised by the plaintiff for failure to comply with the Mississippi Tort Claims Act.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment

where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of

law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence'

demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**QUALIFIED IMMUNITY**

The Fifth Circuit has held that "government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)).

Under the two step analysis employed by the Fifth Circuit in reviewing claims wherein qualified immunity has been asserted, the court must first determine "whether

the plaintiff has asserted the violation of a clearly established constitutional right. If so, the court decides whether the defendant's conduct was objectively reasonable." *Sorenson*, 134 F.3d at 327 *(quoting Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997)(applying the two-prong test of *Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1792-93, 114 L. Ed. 2d 277 (1991)). The first step "is subdivided into three questions: (1) whether a constitutional violation is alleged; (2) whether the law regarding the alleged violation was clearly established at the time of the alleged violation; and (3) whether the record shows that a violation occurred." *Dudley v. Angel*, 209 F.3d 460, 462 *(quoting Kerr v.Lyford,* 171 F.3d 330, 339 (5th Cir. 1999)*(citing Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).

The plaintiff has asserted claims under § 1983 for false arrest and false imprisonment as well as the violation of several other enumerated constitutional rights. The Fourth Amendment claims of false arrest asserted by the plaintiff "is appropriate [only] when the complaint contests the method or basis of the arrest and seizure of the person." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)(*quoting Brooks v. George County, Miss.*, 84 F.3d 157, 166 (5th Cir. 1996)). The plaintiffs is, or appears to be, contesting the basis of his arrest by asserting that there was no probable cause to arrest him under the facts of this case.

To be free from illegal arrest under the Fourth and Fourteenth Amendments "is a clearly established constitutional right."[2] *Sorenson,* 134 F.3d at 328. Based on the

---

[2] While the Fifth Circuit has stated and continues to state that the right to be free from an illegal or false arrest and malicious prosecution are protected under the Fourth and Fourteenth Amendments to the Constitution, this Court recognizes, as has the Fifth Circuit, that the Supreme Court has held that pretrial deprivations of liberty are actionable only under the Fourth Amendment and not under the substantive due

foregoing, the plaintiff has asserted the violation of a clearly protected constitutional right. Further, there can be no doubt but that on July 4, 2004, such a right was "clearly established." *See, e.g., Shaw v. Garrison*, 467 F.2d 113, 120 (5th Cir. 1972), *cert. denied* 409 U.S. 1024, 93 S. Ct. 467, 34 L. Ed. 2d 317. The question, however, that must be answered to determine whether this claim can go forward is whether a violation of that clearly established right occurred, *i.e.*, whether or not the defendants' conduct was objectively reasonable.

It is the plaintiff's assertion that the defendants illegally arrested him and illegally imprisoned him based on false or incorrect information and therefore the defendants' conduct was objectively unreasonable. The defendants contend that the plaintiff was never arrested but was merely "detained for two hours" at police headquarters. This argument is a bit disingenuous. It is clear that O'Hara was not free to go during the "detention."

However, "whether an arrest is illegal [ ] hinges on the absence of probable cause." *Sorenson* 134 F.3d at 328 (*quoting Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S. Ct. 2689, 2694-95, 61 L. Ed. 2d 433 (1979)). Therefore, arresting (or detaining) the plaintiff was not objectively reasonable if the defendants lacked probable cause to effectuate the detention. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995)

---

process guarantees of the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994) and *Eugene v Alief Indep. Sch. Dist.*, 65 F.3d 1299(1995). The plaintiff has made no allegations of procedural due process violations, post-arrest, which would be cognizable under the Fourteenth Amendment and therefore his § 1983 claims alleging violations of rights protected under this amendment should be rightfully dismissed. The Fourth Amendment is adequate to vindicate the rights asserted by the plaintiff.

"Probable cause depends on whether the officers possess[ed] knowledge that would warrant a prudent person's belief that [the suspect] had already committed or [was] committing a crime." *Sorenson*, 134 F.3d at 328 *(quoting Eugene*, 65 F.3d at 1305). Proof beyond a reasonable doubt is not required to support probable cause but a showing of a probability of criminal activity is. *United States v. Brown,* 941 F.2d 1300, 1302 (5th Cir.), *cert. denied*, 502 U.S. 1008, 112 S. Ct. 648, 116 L. Ed. 2d 665 (1991).

The Fifth Circuit has cautioned that this court is "compelled by our case law that clearly dictates subjective intent, motive, or even outright animus are irrelevant in a determination of qualified immunity based on arguable probable cause to arrest, just as an officer's good intent is irrelevant when he contravenes settled law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)*(quoting Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987)(*citing Harlow*, 457 U.S. at 815-20, 102 S. Ct. 2727)).

The plaintiff was detained/arrested without a warrant, but based on a citizen's complaint, who later decided not to press charges. The court is mandated to "look to the totality of the circumstances to determine whether probable cause, or in this case arguable probable cause, existed." *Mendenhall*, 213 F.3d at 231, *(quoting Illinois v. Gates,* 462 U.S. 213, 241, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). The court is charged "with determining the reasonableness of the actions taken in light of the cause that existed *at the time of the arrest*." *Id.*, (emphasis in original).

"The central question in our qualified immunity inquiry is the 'objective (albeit fact-specific) question whether a reasonable officer could have believed [the

detention/arrest] to be lawful in light of clearly established law and the information the [arresting] officers possessed.'" *Sorenson*, 134 F.3d at 328, *(quoting Anderson,* 483 U.S. at 641, 107 S. Ct. at 3040).

"[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Mendenhall*, 213 F.3d at 230 (*quoting Malley v. Briggs*, 475 U.S. at 343). Further "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id. (quoting Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)(*quoting Anderson*, 483 U.S. at 641, 107 S. Ct. 3034)). However, under the teachings of *Mendenhall, Sorenson* and the other authorities from the United States Supreme Court and the Fifth Circuit, one cannot be shielded by qualified immunity however, "where it is obvious that a reasonably competent officer would find no probable cause." *Mendenhall*, 213 F.3d at 230.

If the facts undergirding the probable cause determination are undisputed, the court may resolve the issues as a matter of law. *See, Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Regardless, the plaintiff may defeat the defendants' motion for summary judgment if "enough genuine, material factual disputes exist regarding the elements of probable cause that the ultimate finding of probable cause is the subject of a genuine, material factual dispute." *Kerr*, 171 F.3d at 340.

It is abundantly clear, after reviewing the facts of this case, that the defendants had the requisite probable cause to detain the plaintiff and indeed arrest him pending the filing of the complaint by the citizen upon whose property the plaintiff was

tresspassing. There had been a previous incident at the same location in the preceding year, and, but for the fact that O'Hara fled prior to the arrival of police, he well could have been arrested on that occasion. The officers conduct in this case, was not objectively unreasonable, but on the contrary, entirely reasonable.

The defendants correctly point out that the plaintiff's Amended Complaint is less than pellucid on whether he is bringing his false arrest/imprisonment claims under federal or state law.[3] Therefore, the defendants have filed a separate motion in each of these cases to challenge the plaintiff's claims to the extent that they are raised under state law.

## SUPPLEMENTAL STATE LAW CLAIMS

Supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

The defendants contend, however, that the plaintiff did not comply with the notice requirements of the Mississippi Torts Claims Act, Miss. Code Ann. § 11-46-11, and that his state law claims should be dismissed. That section provides, in relevant part:

---

[3] The court would find it novel if O'Hara were indeed bringing his claims under state law in that he has, in this litigation and for a number of years, challenged the validity of the Mississippi Constitution and all statutory offspring thereof. Nevertheless, in an effort to wisely use judicial resources, the court will address state law issues when they are arguably presented.

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1). This notice is mandatory and must be filed before a party can bring an action in any court. *See Black v. City of Tupelo*, 853 So.2d 1221, 1226 (Miss. 2003). The plaintiff has clearly not complied with this mandatory notice and any claims brought pursuant to Mississippi law are barred.

The defendants also contend that, regardless of the notice failure, they are entitled to sovereign immunity pursuant to Miss. Code Ann. § 11-46-9 which provides;

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
>
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the governmental entity or employee thereof, whether or not the discretion be abused.

In order for the plaintiff to ultimately prevail, if he had complied with the statutory notice requirements of the Act, he must prove, by a preponderance of the evidence, that the defendants, or at least one of them, acted in reckless disregard of his protected constitutional or statutory rights. *See Maldanado v. Kelly*, 768 So. 2d 906 (Miss. 2000); *Simpson v. City of Pickens*, 761 So. 2d 855 (Miss. 2000); *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998); and *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998). The plaintiff has

made no offering of such reckless disregard.

## CONCLUSION

The plaintiff has made numerous other claims based on alleged violations of constitutional rights protected by the First, Second, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments not dealt with above, as well as the 1968 Fair Housing Act and the Voting Rights Act of 1965. The court has examined each of these claims and finds them to be totally without merit and frivolous.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions for Summary Judgment in Civil Action No. 2:05cv103 **[#102]** and **[#104]** and the Motions for Summary Judgment in Civil Action No. 2:05cv104 **[#90]** and **[#92]** are Granted and the plaintiff's Amended Complaints in both of these cases is dismissed with prejudice and that any other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 6th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE